FREEMAN-HAMPTON OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33336, 41011, 45479. Promulgated October 12, 1931.

*H. Kennedy McCook, Esq.*, for the petitioner.
*Elden McFarland, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined deficiencies in petitioner's income taxes of $1,576.65 for the fiscal year ended June 30, 1924, $2,588.24 for the fiscal year ended June 30, 1925, $937.46 for the ensuing six months ended December 31, 1925, $3,011.12 for the calendar year 1926, and $388.80 for 1927. The petitioner claims deductions for depreciation based on certain expenditures admittedly made in its business of producing oil and gas. The respondent denied the claimed deductions for depreciation and allowed instead deductions for depletion in respect of the same items based on the undisputed expenditures.

The case was submitted entirely on the following stipulation of facts:

1. Petitioner is a Texas corporation engaged in the production of oil and gas. During the respective taxable periods herein involved, petitioner was the owner of certain oil and gas leases and, during said periods, expended certain sums of money in connection with discovery, exploration, drilling and development of said leases. All of said sums of money were capitalized

on petitioner's books. Certain proportions thereof represented expenditures for physical properties and the remainder represented incidental expenditures made for wages, fuel, hauling, etc., in connection with the exploration, drilling and development of said leases. Said last-mentioned expenditures were not represented by physical properties.

2. In arriving at the respective deficiencies set forth in the sixty-day letters, the Commissioner adopted petitioner's capitalization of said exploration, drilling and development costs for wages, fuel, hauling, etc., and ruled that the amounts thereof should be returned to the petitioner through deductions for depletion.

3. Petitioner contends that said exploration, drilling and development costs for wages, fuel, hauling, etc., should be returnable through depreciation.

4. In the event the Board should hold that said exploration, drilling and development costs for wages, fuel, hauling, etc., are returnable through depletion, it is stipulated that the deficiences for the respective taxable periods are:

| | |
|---|---|
| Fiscal year ended June 30, 1924 | $1, 518. 37 |
| Fiscal year ended June 30, 1925 | 2, 588. 24 |
| Period, July 1 to December 31, 1925 | 937. 46 |
| Calendar year 1926 | 3, 011. 12 |
| Calendar year 1927 | 388. 90 |

4. If, on the other hand, the Board should hold that said exploration, drilling and development costs for wages, fuel, hauling, etc., are returnable through depreciation rather than depletion, it is stipulated that the deficiencies for the respective taxable years are:

| | |
|---|---|
| Fiscal year ended June 30, 1924 | $421. 88 |
| Fiscal year ended June 30, 1925 | 655. 07 |
| Period, July 1 to December 31, 1925 (overpayment) | 954. 65 |
| Calendar year 1926 | 1, 643. 46 |
| Calendar year 1927 | 59. 45 |

At the hearing it was pointed out that the stipulation was inadequate in that it furnished no primary facts, but only applied ambiguous to inconclusive descriptions and characterizations to expenditures the amounts of which were not stated, and thus in effect was merely the submission of an abstract controversy depending only on terminology. Counsel for petitioner, upon whom rests the burden of proof, nevertheless rested upon the stipulation, and contends that the issue is controlled favorably by A. T. Jergins Trust, 22 B. T. A. 551.

The Jergins decision is not determinative here. There it was held that the drilling and development expenditures there involved " constituted a part of the physical structure recoverable through depreciation." Here it is expressly stipulated that the expenditures in question " were not represented by physical properties." There the expenditures were " in connection with development and drilling," while here they are " in connection with exploration, drilling and development of said leases." Since the Jergins case had nothing to say about exploration costs, it would, on that account alone, be no precedent here, where the amounts are not given and no segregation has been or can by the Board be made.

Treating the case, therefore, as uncontrolled by the *Jergins* case, the respondent has set forth numerous considerations for saying generally that costs of exploration, drilling and development are not to be held, as a matter of law, recoverable through depreciation, instead of depletion, as his regulations contemplate. If we could take judicial notice of the premises of this argument, such as the methods and practices of the oil-producing industry, it would require careful consideration before rejecting it. But these are matters of which proof or authoritative recognition should be in the record. Upon such a record establishing the premises, the merits of the issue could be discussed and substantively decided.

This case, however, must go against the petitioner, because it can not be held upon this stipulation that, as a matter of law, expenditures in connection with exploration, drilling and development of oil leases not represented by physical properties are the basis of annual deductions for depreciation and that the respondent was legally in error in applying to them the statutory provision for depletion deductions.

In accordance with the amounts specified in the first of the alternative paragraphs numbered 4 of the stipulation,

*Judgment will be entered for the respondent.*